# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SAFETY-KLEEN SYSTEMS, INC. | § |
| | § |
| | § Case No. 4:10-CV-608 |
| | § (Judge Schneider/Judge Mazzant) |
| v. | § |
| | § |
| MCCOY FREIGHTLINER, INC. | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On April 11, 2011, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's Motion to Transfer Venue (Dkt. #19) should be DENIED.

On April 28, 2011, Defendant McCoy Freightliner, Inc. ("McCoy") filed objections to the Magistrate Judge's report and recommendation. In the report and recommendation, the Magistrate Judge properly determined that McCoy failed to show that the Southern District of West Virginia is a clearly more convenient forum and that transfer for the convenience of the parties is warranted. *See* RR (Dkt. #26) at 11. As noted by the Magistrate Judge, McCoy spent less than three pages discussing the convenience factors in its motion and failed to provide sufficient information for the Magistrate Judge to find in McCoy's favor. *Id.* For example, McCoy argues that the Magistrate Judge erred in finding the "relative ease of access to sources of proof" factor was neutral. *See* Objections (Dkt. #27) at 7. However, McCoy never addressed this factor in its motion.

McCoy also argues the Magistrate Judge erred in finding the "availability of compulsory process" factor was neutral. *Id.* at 9. However, as the Magistrate Judge notes, neither party identified any non-party witnesses residing in either district, and McCoy's general allegation that unnamed non-party witnesses exist is not enough. *See* RR (Dkt. #26) at 9. McCoy never mentions any non-party witnesses until its Reply, and the Court agrees with the Magistrate Judge that arguments not addressed in the original motion will not be considered. *Id.*

The Court also disagrees with McCoy's objection to the Magistrate Judge's finding that the "local interest" factor was neutral. McCoy argues that the Magistrate Judge found this factor disfavored transfer solely because the Plaintiff's headquarters is located in this District. Objections (Dkt. #27) at 10. However, the Magistrate Judge considered the fact that Plaintiff's headquarters is located in this District as well as a permissive forum selection clause providing this Court jurisdiction. *See* RR (Dkt. #26) at 11. McCoy cites the Court to no authority, and the Court is aware of none, stating the Court may not consider the location of the Plaintiff's corporate headquarters in the transferor district and the presence of a forum selection clause naming the transferor district in its analysis of the convenience factors. While not dispositive by any means, having Plaintiff's corporate headquarters located in this District does in fact give this District some interest in having a dispute involving the Plaintiff decided here.

In addition to objecting to the Magistrate Judge's findings regarding the transfer of this case based upon the convenience factors, McCoy also argues the Magistrate Judge erred in not agreeing with McCoy that this case should be transferred based upon an improper venue argument. *See* Objections (Dkt. #27) at 4. Again, as the Magistrate Judge notes, McCoy failed to raise this argument until its Reply brief was filed. *See* Reply (Dkt. #25) 4-5; RR (Dkt. #26) at 11. Further, McCoy's argument

that venue is not proper in this District is incorrect. As the Magistrate Judge discussed, the forum selection clause here is permissive. RR (Dkt. #26) at 7. While disputes between these parties are not required to be brought in Texas, the clause does state that McCoy submits to the jurisdiction of Courts in Texas. Venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant, like McCoy, "reside[s] in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *See* 28 U.S.C. 1391(c). Therefore, because the forum selection clause gives the Court jurisdiction over this matter, venue is also proper.

Based upon the reasons stated herein, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that Defendant's Motion to Transfer Venue (Dkt. #19) is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 23rd day of May, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE